AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)        Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
### for the

Southern District of Indiana

|  |  |
|---|---|
| United States of America | ) |
| v. | )    Case No:   1:10-cr-00036 |
| Justin Jones | ) |
|  | )    USM No:   09457-028 |
| Date of Original Judgment:   2/4/2011 | ) |
| Date of Previous Amended Judgment:   12/29/2011 | )    Kevin McShane |
| *(Use Date of Last Amended Judgment if Any)* |    *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ___12/29/2011___ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: ___08/28/2024___

_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*

_____
Honorable James R. Sweeney, II
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-0036-JRS-MJD |
| | ) | |
| JUSTIN JONES, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Motions for Sentence Reduction**

Justin Jones was sentenced to 240 months' imprisonment after pleading guilty to two counts of Brandishing a Firearm in Connection with a Crime of Violence in violation of 18 U.S.C. § 924(c).  (J. 1–2, ECF No. 45.)  This matter is now before the Court on Jones's motions to reduce his sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines.  (ECF Nos. 124, 125.)  The motions are **denied**.

## I.    Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission.  Under the policy statement at USSG § 1B1.10, the Court "may reduce" a sentence to reflect certain amendments to the Sentencing Guidelines.  Those amendments are set forth in § 1B1.10(d).  Amendment 821, Part A, "Status Points under § 4A1.1," reduces, from two criminal history points to one, the penalty for offenses committed while under sentence or on probation for another offense.  The Court must consider the 18 U.S.C. § 3553(a) factors in deciding

whether and how to reduce a sentence.   18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment (n.1(B)).

## II.   Discussion

Jones was sentenced to 240 months' imprisonment.   The Court adopted the presentence investigation report prepared by the U.S. Probation Office.   Jones's guidelines imprisonment range was derived not from USSG Chapter 5, Part A based on offense level and criminal history category, but instead from the statutory minimum sentences.

Jones argues that Amendment 821 Part A applies because he initially received status points. (Mot. 1, ECF No. 124.)  The Government argues that Jones is ineligible because his sentence was based on the minimum term of imprisonment required by statute rather than the Sentencing Guidelines.  (Gov't's Opp. 2, ECF No. 121.)  The Government is correct.  Under USSG § 2K2.4(b), Jones was subject to the minimum term of imprisonment required by statute, so his criminal history category was not part of the calculation.  (Presentence Investigation Report ¶¶ 62, 63.)  Additionally, Jones's status points were already removed, resulting in a reduction of his criminal history category from III to II, based on a 2010 amendment to the Sentencing Guidelines.  (PSR Supp. Addendum.)  Therefore, Jones is ineligible for Amendment 821, Part A.

The 240-month term of imprisonment remains as imposed at sentencing.

### III.    Conclusion

The Court finds that Amendment 821 does not impact his guidelines sentencing range, so Jones's Motions to Reduce Sentence, (ECF Nos. 124, 125), are **denied.**

**SO ORDERED.**

Date: 09/04/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Justin Jones
Reg. # 09457-028
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA 17887

Distribution by CM/ECF to all counsel of record